UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAJWA NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 20-11210-FDS |
| ) | |
| GLAXOSMITHKLINE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER TO SHOW CAUSE AND GRANTING MOTION TO WITHDRAW

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 10, which required each plaintiff to submit a Product Identification Fact Sheet, complete with a signed verification. (Dkt. No. 251 ¶ 1, Ex. 1). That same day, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet with a signed declaration as well as authorizations and releases for health insurance and medical records. (Dkt. No. 252 ¶¶ 4, 14). It also required plaintiffs to produce documents relating to a variety of issues. (Dkt. No. 252 ¶ 3, Ex. 2). Both Orders provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories." (Dkt. No. 251 ¶ 7; Dkt. No. 252 ¶ 17).

The complaint in this action was filed on June 23, 2020. Accordingly, plaintiff's Product Identification Fact Sheet and signed verification was due on July 23, 2020, and the Plaintiff Fact Sheet was due on August 24, 2020. (*See* Dkt. No. 251 ¶ 4; Dkt. No. 252 ¶ 11).

On September 10, 2020, counsel for GlaxoSmithKline LLC ("GSK") sent a letter notifying plaintiff's counsel that the responses provided by plaintiff in the Plaintiff Fact Sheet were insufficient and additional information was required. (GSK Mem., Ex. 1). It also noted that plaintiff did not submit the required Plaintiff Fact Sheet declaration or authorizations. (*Id.*). GSK's counsel requested that plaintiff provided the missing documents by September 24, 2020, or it would seek dismissal or other appropriate relief from the Court. (*Id.*).

On October 15, 2020, GSK filed a motion for an order to show cause as to why the case should not be dismissed for failure to prosecute and/or failure to provide court-ordered discovery. (GSK Mot. at 1). On November 13, 2020, counsel for plaintiff filed a motion to withdraw as attorney due to his inability to secure plaintiff's compliance with her discovery obligations. (Pl. Mot. at 1-2).

Plaintiff has yet to provide the hand-signed Product Identification Fact Sheet verification, a completed Plaintiff Fact Sheet, and other required documents, including duly executed records release authorizations. It thus appears that she has failed to comply with MDL Orders Nos. 10 and 11.

The motion to withdraw is GRANTED, effective May 10, 2021, or upon the filing of an appearance by new counsel or a written notice by plaintiff that she intends to proceed *pro se*. New counsel, or plaintiff proceeding *pro se*, are hereby ORDERED to show cause in writing within 45 days (that is, on or before May 10, 2021) why this case should not be dismissed for failure to comply with discovery obligations. If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

**So Ordered.**

                                                                                                            /s/ F. Dennis Saylor IV  
                                                                                                            F. Dennis Saylor IV  
Dated:  March 24, 2021                                          Chief Judge, United States District Court